IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| INDUSTRIAS KIRKWOOD S.A. de C.V., ) <br> ) <br> Plaintiff, ) <br> ) <br> v.  ) <br> ) <br> ANDREW CORPORATION, a ) <br> Delaware Corporation, ) <br> ) <br> ) <br> Defendant. ) | No.  06-3242 |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Andrew Corporation's (Andrew Corp.) Motion to Transfer Venue Pursuant to § 28 U.S.C. § 1404 Or in the Alternative to Provide Relief Pursuant to 28 U.S.C. § 1406 (d/e 9) (Defendant's Motion). For the reasons set forth below, the Motion is ALLOWED.

On September 21, 2006, Plaintiff Industrias Kirkwood S.A. de C.V. (Industrias) brought this action against the Defendant in the Circuit Court of Sangamon County, Illinois. Pursuant to 28 U.S.C. §§ 1331 and 1441,

1

the Defendant removed this action to this Court on October 19, 2006. <u>See Text Order entered November 2, 2006</u>; <u>Amended Notice of Removal (d/e 7)</u>.

## BACKGROUND

Plaintiff brings a four-count Complaint (d/e 7) against the Defendant. In Count I, Plaintiff alleges a breach of contract claim. Plaintiff alleges in Count II that the Defendant violated the Illinois Uniform Deceptive Trade Practices Act (UDTPA). In Count III, Plaintiff alleges a claim for fraud in the inducement. Plaintiff alleges in Count IV a promissory estoppel claim. According to the Complaint, Plaintiff is a Mexican corporation with its principal place of business in Mexico. Defendant states that it is a Delaware corporation with its principal place of business in Westchester, Illinois, which is within the Northern District of Illinois, Eastern Division. The Complaint states that Defendant's registered agent is located in Springfield, Illinois.

This action springs from Agreements entered into between the parties in 2004 and in 2005. The Complaint alleges that in March 2004, the parties entered into an Agreement in which Plaintiff Industrias agreed to manufacture and sell certain products, and Andrew Corp. agreed to

purchase such products. To satisfy its obligations under the 2004 Agreement, Plaintiff Industrias incurred approximately $700,000.00 on labor, equipment, inventory, training and other related expenses.

The Complaint states that in January 2005, the parties entered into another Agreement in which Andrew Corp. agreed to sell certain assets and license related technology to Industrias, and Industrias in turn agreed to pay Andrew Corp. $100,000.00 for such purchases. Industrias claims it agreed to enter into the 2005 Agreement based on assurances from Andrew Corp. that it "would introduce its customers directly to [Industrias], and that the previously forecasted sales figures would be fulfilled by direct sales to those customers." Complaint, ¶ 15.

According to the Complaint, Industrias incurred significant expenses to comply with the terms of the 2004 and 2005 Agreements. The Complaint alleges that Defendant Andrew Corp., however, engaged in various acts that impeded Industrias from satisfying its obligations under the Agreements.

## ANALYSIS

The Defendant has filed the instant Motion seeking to transfer venue, pursuant to 28 U.S.C. § 1404. In the alternative, the Defendant

seeks to transfer venue pursuant to 28 U.S.C. § 1406. For the reasons set forth below, the Court grants Defendant's Motion.

As an initial matter, the Court notes that "[v]enue in an action removed from state court to federal court is governed by the removal statue, 28 U.S.C. § 1441, not by the general venue statute, 28 U.S.C. § 1391." Allied Van Lines, Inc. v. Aaron Transfer and Storage, Inc., 200 F.Supp.2d 941, 945 (N.D.Ill. 2002). Therefore, "pursuant to § 1441, venue of a removed action is proper in 'the district court of the United States for the district and division embracing the place where such action is pending.' 28 U.S.C. 1441(a). Thus, a party may not challenge venue 'as if the case had originally been brought [in the removal court].'" Id. (quoting PT United Can Co. Ltd. v. Crown Cork & Seal Co., Inc., 138 F.3d 65 (2nd Cir. 1998)).

Under 28 U.S.C. § 1404, a district court may transfer a civil action "[f]or the convenience of parties and witnesses, in the interest of justice,...to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Transfer is appropriate where the moving party clearly demonstrates that: "(1) venue is proper in the transferor district; (2) venue and jurisdiction are proper in the transferee district; and (3) the transfer will serve the convenience of the parties and witnesses and will promote the

interest of justice." Plotkin v. IP Axess, Inc., 168 F.Supp.2d 899, 902 (N.D.Ill. 2001). "In assessing a motion to transfer, the court must consider the statutory factors in light of all of the circumstances of the case. The weight accorded to each factor is committed to the sound discretion of the court." Avco Corp. v. Progressive Steel Treating, Inc., 2005 WL 2483379, at *1 (N.D. Ill. 2005). In other words, it is within this Court's sound discretion to transfer an action. Fondrie v. Casino Resource Corp., 903 F.Supp. 21, 23 (E.D. Wis. 1995) (citing Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219 (7th Cir. 1986)).

As established above, venue is proper in the Central District of Illinois pursuant to § 1441(a). See Allied Van Lines, Inc., 200 F.Supp.2d at 946. The Court further finds that venue is also proper in the Northern District of Illinois, Eastern Division. Industrias is a Mexican corporation with no corporate offices in Illinois or anywhere in the United States. Andrew Corp. is a Delaware corporation with its principal place of business in Westchester, Illinois. It has substantial connections to the Northern District of Illinois. None of its offices in Illinois are located in the Central District of Illinois. Indeed, Andrew Corp. asserts that it neither has any corporate offices and employees, nor any witnesses related to this action in

5

the Central District of Illinois.  <u>Defendant's Reply In Support of Motion to Transfer Venue (d/e 20)</u> (Defendant's Reply) at 2; <u>Defendant's Memorandum of Law (d/e 10)</u>, Exh. 3, <u>Affidavit of James Bowen</u> (Bowen Aff.).  It appears that Andrew Corp.'s only connection to the Central District of Illinois is that it uses a commercial service to receive process in Springfield, Illinois.  For these reasons, the Court finds that venue is proper in the Northern District of Illinois, Eastern Division.

The Court must now evaluate whether the transfer is for the convenience of parties and witnesses, and is in the interests of justice. Factors considered in determining the venue's convenience to parties and witnesses include: "(a) the plaintiff['s] choice of forum, (b) the situs of the material events, (c) the relative ease of access to sources of proof, (d) the convenience of the parties, and (e) the convenience of the witnesses." <u>Plotkin</u>, 168 F.Supp.2d at 902.

A court must typically accord substantial weight to the plaintiff's choice of forum if the forum is the plaintiff's home forum.  <u>Deist v. Washington University Medical Center</u>, 385 F.Supp.2d 772, 773-74 (S.D. Ill. 2005); <u>In re National Presto Industries, Inc.</u>, 347 F.3d 662, 664 (7th Cir. 2003).  The plaintiff's forum is entitled to less weight if "another forum

6

bears a stronger relationship to the dispute." Deist, 385 F.Supp.2d at 774 (internal quotation omitted). Industrias contends that its choice of forum should be entitled to deference based on the fact that Defendant has taken active steps to maintain a registered office in Springfield, Illinois. Based on the reasons discussed earlier, Industrias' contention is unavailing and so its choice of forum is not entitled to deference. "The Court further notes that this Court is not the plaintiff['s] chosen forum, as [it] initially filed suit in state court and the case is here on removal . . . ." Id.

Moreover, it appears that Industrias' only connection to the Central District of Illinois is the location of its counsel's office. However, location of plaintiff's counsel is generally accorded little or no consideration when choice of venue is merely for counsel's convenience. See Sypert v. Miner, 266 F.2d 196, 199 (7th Cir. 1959) (inconvenience of plaintiff's counsel is not a controlling factor in transfer of venue consideration).

The second factor--the situs of the material events--tilts in favor of transfer. The alleged violations giving rise to the instant Complaint spring from the parties' negotiation and execution of the 2004 and 2005 Agreements. Andrew Corp. maintains that all of the events relevant to the instant action occurred in the Chicago area and, to some extent, Texas or

7

Mexico. In support of its claims, Andrew Corp. has submitted an Affidavit of James Bowen, who is employed as the Base Station and Antennas Vice President and General Manager at Andrew Corp. <u>Bowen Aff.</u>, ¶ 3. He attests in his Affidavit that he is employed at Andrew Corp.'s facility located in Richardson, Texas. Bowen avers in his Affidavit that the 2004 and 2005 Agreements have no connection to the Central District of Illinois. He further states that based on his knowledge, Andrew Corp.'s employees that were involved in the alleged business transactions are or were employed at the company's facilities located in Richardson, Texas, Westchester, Illinois, and Orland Park, Illinois. <u>Id.</u> at ¶ 11.

In response, Plaintiff has submitted a Declaration of Emilio Grandio, President and CEO of Industrias. <u>Plaintiff's Memorandum of Law In Opposition to Defendant's Motion to Transfer Venue (d/e 17)</u>, Exh. B. <u>Declaration of Emilio Grandio (Grandio Decl.)</u>. Grandio states in his Declaration that "[t]he 2004 Agreement was negotiated and executed in Texas" and that "[t]he 2005 Agreement was negotiated in Mexico and Texas, and was not executed at one single location." <u>Id.</u> at ¶¶ 7-8. He further avers: "no individuals involved in the negotiation and execution of the 2004 Agreement and the 2005 Agreement were located in the Chicago,

8

Illinois area or the Northern District of Illinois at the time of negotiations or execution of these Agreements." Id. at ¶ 10.

Based on the above, the parties appear to agree at least that the Central District of Illinois has no connection to the instant litigation because neither the 2004 nor the 2005 Agreement was negotiated or executed in this District. The parties, however, dispute whether the events pertinent to this action occurred in the Northern District of Illinois. Regardless, the second factor weighs slightly in favor of transfer because the 2005 Agreement was signed by John DeSana, on behalf of Andrews Corp., in the company's Orland Park, Illinois, facility. See Complaint, Exh. B, The 2005 Agreement.

The third factor also tilts in favor of transfer to the Northern District because, according to the Defendant, documents, files and tangible evidence pertinent to this action are maintained at its offices located within the Northern District of Illinois. See Bowen Aff. ¶ 12. Industrias, however, contends that the documents relevant to this case are maintained in Springfield, Illinois, and in Mexico. As the Defendant suggests, however, there is no indication that the documents maintained by the Plaintiff in Springfield, Illinois, were kept in the ordinary course of business. It appears

that Plaintiff has transferred the relevant documents to Springfield for purposes of this action because its counsel's office is located in Springfield. The Court, however, recognizes that, in light of the advances in technology, either party could easily transfer the documents relevant to this action to any other district. See Euromarket Designs, Inc. v. Crate & Barrel Ltd., 96 F.Supp.2d 824, 840 (N.D.Ill. 2000). Thus, this factor weighs neither for nor against transfer.

      The fourth factor--the convenience of the parties--weighs in favor of transfer. In assessing this factor, the Court recognizes that "[v]enue should not be transferred solely to shift convenience from the plaintiff to the defendant." Fondrie, 903 F.Supp. at 23. This Court, however, has already established that there is no connection between the instant action and the Central District of Illinois, except for the location of Plaintiff's counsel. However, as discussed supra, the inconvenience of Plaintiff's counsel is not a controlling factor in considering whether to transfer an action. Moreover, neither the Plaintiff (a Mexican Corporation) nor the Defendant (a Delaware Corporation with its principal place of business located in the Chicago area) maintains any corporate offices in the Central District of Illinois. Additionally, as the Defendant correctly notes, it would be less

10

costly and more convenient for witnesses to travel from Mexico to the Chicago area, a major metropolitan area, than from Mexico to Springfield, Illinois.  <u>Defendant's Memorandum of Law</u> at 9.  As such, this factor tilts in favor of transfer.

The fifth factor--the convenience of the witnesses--similarly weighs in favor of transfer.  It is undisputed that the parties do not maintain any corporate offices in the Central District.  It is further undisputed that the events pertaining to this action did not occur in the Central District.  Indeed, neither Industrias nor Andrew Corp. has named any witnesses for which the Central District is a more convenient venue than the Northern District.  Based on the parties' submissions, it appears, however, that all of the witnesses will be coming from the Chicago area, Texas, or Mexico.

In considering this factor, the Court is mindful that it "must look to the nature and quality of the witnesses' testimony with respect to the issues of the case."  <u>Law Bulletin Publishing, Co. v. LRP Publications, Inc.</u>, 992 F.Supp. 1014, 1018 (N.D.Ill. 1998).  Here, Defendant has not identified any of its key witnesses for trial.  Defendant, however, states that its employees that were involved in the alleged transactions are located either in the Chicago area or in Texas.  Defendant further asserts that it cannot

provide a more specific witness list because "Plaintiff has refused, both in its pleadings and in pre-Motion conversations, to provide sufficient details about its theories and witnesses to develop a witness list." Defendant's Reply at 3. Even though the Defendant has not identified its key witnesses and has not provided a general statement of their respective testimony, the Court finds that this factor nonetheless weighs slightly in favor of transfer because the Chicago area, a major metropolitan area, would be more easily accessible to out-of-state witnesses and to foreign witnesses than Springfield, Illinois. In considering all of the relevant factors, the Court finds that the convenience to the parties and witnesses merits transfer to the Northern District of Illinois, Eastern Division.

The Court turns to the last factor, the interests of justice. To weigh the interests of justice, the Court "focuses on the efficient administration of the court system, rather than the private considerations of the litigants." Plotkin, 168 F.Supp.2d at 904 (internal quotations omitted). The Court considers "(1) the speed at which the case will proceed to trial, (2) the court's familiarity with the applicable law, (3) the relation of the community to the occurrence at issue, and (4) the desirability of resolving controversies in their locale." Id. The Northern District is equally capable of efficiently

hearing Plaintiff's case. This factor, however, tilts slightly in favor of transfer because the Central District has no connection to the instant action. The interests of justice therefore merit transfer. Considering all of the factors set forth above, the Court finds that Defendant Andrew Corp. has established that transfer of this action to the Northern District, Eastern Division is warranted pursuant to 28 U.S.C. 1404(a). Based on this conclusion, the Court need not address Defendant's request pursuant to 28 U.S.C. § 1406.

## CONCLUSION

THEREFORE, for the reasons set forth above, Andrew Corp.'s Motion to Transfer Venue Pursuant to § 28 U.S.C. § 1404 Or in the Alternative to Provide Relief Pursuant to 28 U.S.C. § 1406 (d/e 9) is ALLOWED. This case is transferred to the Northern District of Illinois, Eastern Division.

IT IS THEREFORE SO ORDERED.

ENTER: March 23, 2007.

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE